PEOPLE ex rel. CAYADUTTA PLANK-ROAD CO. v. CUMMINGS, Mayor, et al.

(Supreme Court, Appellate Division. Third Department. June 28, 1900.)

1. PLANK-ROAD COMPANIES—EXEMPTION FROM TAXATION—LOCAL IMPROVEMENTS —REMOVAL OF EXEMPTION.

Laws 1854, c. 87, and Laws 1892, c. 566, exempt plank-road companies from taxation. Laws 1899. c. 275, § 105, provides that the city of Gloversville, after assessing a portion of the cost of local improvements to abutting owners, shall charge the balance of the expense thereof against any plank-road company whose road occupies any part of the street improved. *Held*, that the act of 1899 removed the exemption of plank roads from taxation, as far as concerns assessments for local improvements in such city, and where such city improved a street, it could charge the proper portion of the cost thereof to any plank road operating thereon.

**2. SAME—EXCLUSIVE CONTROL—VOID ASSESSMENT.**

Laws 1890, c. 566, art. 9, § 134, provides that the commissioner of highways of towns, and the trustees or other officers in incorporated cities and villages, shall be inspectors of plank roads in their respective districts, and may order a plank-road company to make repairs, or, in default thereof, the toll gates may be thrown open until the repairs are made. Laws 1899, c. 275, § 105, provides that a portion of the cost of local improvements in the city of Gloversville shall be charged against any plankroad company whose road occupies any part of a street so improved. *Held*, that neither the act of 1892 nor the act of 1899 authorized such city to pave a street, and to charge a portion of the cost thereof to a plank-road company which had a franchise to use, and did use, the same as a toll road, and that the city could not collect an assessment therefor from the corporation.

**3. COUNTY COURT OF FULTON COUNTY—REVIEW—CERTIORARI.**

Laws 1899, c. 275, § 109, providing that "the county court of Fulton county shall always be open for the transaction of any business or the making of any motion or application contemplated by this title," does not give such court appellate jurisdiction, and hence does not preclude the bringing of certiorari in the supreme court to review an assessment levied by the common council of Gloversville.

**4. SAME—ACTION TO ANNUL ASSESSMENT—INJUNCTION.**

Laws 1899, c. 275, § 89, provides that no action to set aside an assessment shall be maintained unless commenced within 30 days after delivery of the first assessment roll, and unless within such 30 days an injunction shall be procured, restraining the common council from issuing the improvement bonds. Section 109 provides that a review of the action of the common council may be had, but does not provide the procedure therefor. *Held*, that section 89 only applies to a proceeding against the city by action in which an injunction could be granted, and does not preclude review of such assessments by certiorari.

Smith, J., dissenting.

Certiorari by the people of the state of New York, on relation of the Cayadutta Plank-Road Company, against Curtis S. Cummings and others, mayor and common council of the city of Gloversville, to review an assessment for local improvements. Assessment set aside.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, MERWIN, and SMITH, JJ.

Harwood Dudley (John M. Carroll, of counsel), for relator.

Frank Talbot, for respondents.

KELLOGG, J. The petition and the return to the writ show: That the relator organized many years ago under the act of 1847 (chapter 210) as a plank-road company. That, for many years before the incorporation of the city of Gloversville the relator became the possessor of and used the road in question as a portion of its roadway. That the limits of the city were made to include a portion of this roadway, and that portion is now known as "South Main Street." Since the incorporation of the city the relator has not surrendered any of its rights over the roadway, but has continuously collected tolls from travelers thereon. In 1899 the authorities of the city of Gloversville, by proceedings which appear to have been authorized by the city charter, resolved to pave this street, with other streets. The proceeding resulted in a final adjustment of the cost of paving, and an assessment against those benefited; the amount assessed to the relator being the said sum of $3,225.22. It is admitted that the relator is not the owner of any land bor-

dering on the street. Whether it is the owner of the roadbed of the street is not clear. The assessment is not predicated upon any ownership except relator's right to maintain the street as a roadway and collect tolls for traveling thereon; and the authority for this claimed right to assess relator for local improvement benefits, if any such right exists in the city of Gloversville, is found in section 105 of the city charter (chapter 275, Laws 1899):

"The balance of the expense of such improvements shall be paid by and be a charge upon * * * and by and against any railroad company or plank-road company whose roads or tracks occupy any portion of that part of the street or other way or public place so improved."

That the legislature here intended to confer the power to tax a railroad or plank-road company occupying the street for the improvement of that street must, I think, be admitted; and this, so far as the cost of local improvements go, must be taken as a withdrawal by the legislature of the exemptions from taxation granted by chapter 87 of the Laws of 1854 and chapter 566 of the Laws of 1892 to plank-road companies. Those laws created no vested rights which a subsequent legislature might not abrogate. The legislature is restricted by the constitution of 1846 from conferring, by general or special laws, any rights upon corporations which are beyond the control of the legislature to subsequently change, modify, or wholly withdraw. People v. Boston & A. R. Co., 70 N. Y. 570; Genet v. City of Brooklyn, 99 N. Y. 296, 1 N. E. 777. This cannot be called confiscation; it is simply the recall of an exemption from taxation. The exemption might properly be termed un-reasonable, not the recall. The power to assess or tax a plank-road company for a local improvement must, however, be confined to such companies as occupy streets in the city of Gloversville over which the city has control and power to alter, pave, or improve. And just here is the serious question in the case. What power, in this respect, has the city of Gloversville over the roadway of this company? All the public streets and highways within the city limits are in the exclusive charge and control of the city. But is the roadway of this relator such a public street or highway? I think not. In a limited sense it is undoubtedly a highway. No one who offers to pay the toll or fare fixed within the legal limits can be prevented from traveling upon it. In that particular it differs from a private road. The law which authorizes the creation of the company, and confers upon it the right of eminent domain, confers also exclusive rights over its roadway, and imposes certain duties. The public has nothing to do with its repair or its maintenance in any respect. Neither is the town through which it passes, nor the city of Gloversville, as to that portion within its limits, in any way responsible for the roadway being out of repair, or for damages resulting from negligent maintenance. The company alone is responsible for that; and it would seem that this responsibility is the true test of the rights of the parties to order or make repairs or improvements. I find nothing in the charter of the city of Gloversville which conflicts with the law governing plank-road companies, beyond the authority to tax, before referred to. The plank-

road law (article 9, Transportation Corporations Law; chapter 566, Laws 1890; chapter 617, Laws 1892) is sufficiently explicit on the question of control and maintenance of the roadway. Section 134 provides:

"The commissioner of highways of the several towns and the trustees or other officers in the incorporated cities and villages of the state, who perform the duties of commissioners of highways in such cities and villages, shall be inspectors of plank roads and turnpikes in their respective towns, cities and villages."

And their duties as such are specifically pointed out. They are to notify the toll gatherer to repair, and, in default of repair, shall order the toll gate on the road to be thrown open until the repairs are made. This is the extent of their powers. They have no right to make repairs and charge the same over, either against the company, or the town, city, or village they represent. Section 127 of the same law provides in what way, and out of what material, the road shall be made:

"Every such plank road shall be so constructed as to make secure and maintain a smooth and permanent road, the track of which shall be made of timber, plank or other hard material forming a hard and even surface. * * * Any corporation which shall have once laid its road with plank may relay the same, or any part thereof, with broken stone, gravel, shells, or other hard materials forming a good and substantial road."

Failure to construct and maintain the roadbed as required would, without doubt, subject the company to payment of any damages suffered by reason of such failure by any traveler thereon. This responsibility is not shifted by the city charter upon the city of Gloversville; and it is not reasonable to infer that the city has any more than the supervisory authority of inspector, which the law gives, as above quoted, over that portion of the roadway which lies within the city limits. If the legislature had the power—which I seriously doubt—to take from this company its property rights in any part of the roadway, or the right to confer upon another the control of that roadway, and leave upon the company a liability for that other's negligence or bad judgment, it has not exercised it. The legislative intention would not in such a matter be left to inference.

The respondent urges that this proceeding by certiorari cannot be maintained for two reasons: First. Section 109 of the charter, providing as follows: "The county court of Fulton county shall always be open for the transaction of any business or making any motion or application contemplated by this title,"—in effect, it is claimed, provides an exclusive mode of review. The complete answer to this seems to lie in the fact that it does not provide for any review, and only provides that the county court shall be always open. All original motions and applications, proper to be made in that court, may be made at any time, in term or out. Second. That subdivision 10 of section 89 providing: "No action to set aside, cancel or annul any assessment * * * shall be maintained by any person unless such action shall have been commenced within thirty days after the delivery * * * of the first assessment roll

and warrant, * * * and unless within said thirty days an injunction shall have been procured * * * restraining the common council from issuing the bonds," etc,—is in the way of this proceeding, for the reason that no injunction was obtained. The answer to that claim is that this is not an action; simply a means of review. The section does not contemplate a special proceeding of this nature, but an action in which a preliminary injunction might be issued. That the charter contemplates that a review of the action of the common council may be had is expressly stated in section 109, but no method of review is provided. In such case certiorari is the proper method. The determination of the mayor and common council of the city of Gloversville should be set aside, and the assessment of the relator should be annulled, with $50 costs and disbursements to the relator against the respondent.

Determination of the assessors reversed, and the assessment annulled as to relator, with $50 costs and disbursements. All concur, except SMITH, J., dissenting.